# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

VIVIAN GONZALES VILLENURVE, ET AL.                    CIVIL ACTION

VERSUS                                                          15-517-SDD-SCR

NEW RIVER SHOPPING CENTER, LLC

## RULING

Before the Court is a *Motion to Dismiss*[1] pursuant to Federal Rule 12(b)(6) of the Federal Rules of Civil Procedure by New River Shopping Center, LLC. ("New River"). The Motion is opposed by Plaintiffs, Vivian Gonzales Villenurve and Margaret Gonzales Kernan, as Trustees of the Lester Gonzales Family Trust.[2] For the reasons which follow, the Motion shall be GRANTED.

## I.     FRCP 12(b)(6)

In considering a Rule 12(b)(6) Motion to Dismiss, the court must evaluate whether the complaint meets the legal standard for pleading found in Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  The Fifth Circuit instructs that:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim.[3]

---

[1] Rec. Doc. 6.
[2] Rec. Doc. 10.
[3] *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S. 554, 127 S.Ct. 1955 (2007) (emphasis added).

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[4]  The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[5]  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[6]  In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[7]  "To survive dismissal, a plaintiff must plead enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable".[8]

## II.    PROCEDURAL POSTURE AND FACTUAL BACKGROUND

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.[9]  Plaintiffs seeks a declaratory judgment declaring that a lease entered into between New River's predecessor-in-interest and American Bank and Trust Company, as the former

---

[4] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

[5] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

[6] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d at 467).

[7] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted)(hereinafter *Twombly*).

[8] *Thompson v. City of Waco, Texas,* 764 F.3d 500, 502-503 (5th Cir. 2014).

[9] Suit was instituted in State Court for the 23rd Judicial District Court, Parish of Ascension, and timely removed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Sitting in diversity, the Court applies the substantive law of the State of Louisiana.

trustee of the Trust, "came to an end by its own terms on March 31, 2014".[10] Plaintiffs seek to invalidate and/or reform the lease renewal options on the grounds of failure of or inadequate consideration, error, or insufficient security.

Plaintiffs are the sole remaining income beneficiaries, the sole principle beneficiaries, and the present named trustees of the Lester Gonzales Family Trust ("Trust"). At issue in this case is the lease of certain real property held by the Trust. In 1976, American Bank and Trust Company ("American Bank"), then Trustee of the Trust, entered into a lease agreement with Memphis Apartments, Inc. ("Memphis"). The lease agreement provided for an annual rental of $8,400.00, payable in equal monthly installments of $700.00 for a primary term of thirty-seven (37) years and eight (8) months.[11] The lease granted the lessee "the right, privilege and option to extend this lease for five periods of ten years each on all of the same terms and conditions as contained herein with the exception of the rental".[12] The lease provided that the annual rental would increase $450.00 upon each validly exercised option to extend the lease.[13] On December 19, 2013, New River, the assignee of the lease[14], timely notified the Plaintiffs that it was exercising the first ten year option to extend the lease.

## III.   LAW AND ANALYSIS

A lease is "a synallagmatic contract by which one party, the lessor, binds himself to give to the other party, the lessee, the use and enjoyment of a thing for a term in

---

[10] Rec. Doc. 1-2.

[11] The primary lease term commenced on August 1, 1976 and ended on March 31, 2014. Rec. Doc. 1-2, ¶¶ 4, 5.

[12] Rec. Doc. 1-2, ¶ 6.

[13] *Id.*

[14] Rec. Doc. 1-2, ¶ 8, 9. Plaintiffs do not allege that New River is not a lawful assignee of the lease, nor is there any allegation that the lease is non-assignable.  La. Civ. Code art. 2711 provides that "The transfer of the leased thing does not terminate the lease, unless the contrary had been agreed between the lessor and the lessee."

exchange for a rent that the lessee binds himself to pay."[15] Louisiana Civil Code article 2676 provides that "rent shall be fixed by the parties in a sum either certain or determinable through a method agreed by them." The subject lease fixed rent in a sum certain. Civil Code article 2678 provides that "[t]he lease shall be for a term. Its duration may be agreed to by the parties or supplied by law. The term may be fixed or indeterminate." The lease in this case specified a term agreed to by the Parties. Accordingly, as to the salient provisions at issue herein, the subject lease complies with Louisiana law.

### A.     Insufficient Consideration

Defendant avers that Plaintiffs cannot recover for an alleged "bad deal." In the absence of a vice of consent, Louisiana courts are unwilling to relieve a party of a bad bargain. In *Bergquist v. Fernandez*, the court concluded that the function of the court is to interpret the contract, and in the absence of a vice of consent "we cannot undermine a contract simply because it was a bad deal for one of the parties."[16] Additionally, in *Tahoe Corp. v. P & G Gathering Sys., Inc.*, the court stated that "[t]he law is quite clear, however, that equity cannot take the place of contracts legally entered; courts have no authority to relieve a litigant of a bad bargain."[17]

Plaintiffs counter that they are not merely seeking to be freed from a "bad deal", rather, they have a cause of action because "[t]he rent is insufficient to support the extension of the lease."[18]  Plaintiffs rely on *Daigle v. Vanderpool*[19] which held that lease

---

[15] La. Civ. Code art. 2668.
[16] *Bergquist v. Fernandez*, 535 So. 2d 827, 829 (La. App. 2d Cir. 1988).
[17] *Tahoe Corp. v. P & G Gathering Sys. Inc.*, 506 So. 2d 1336, 1345 (La. App. 2d Cir. 1987).
[18] Rec. Doc. No. 10, p. 7.
[19] *Daigle v. Vanderpool,* 858 So.2d 552 (La. App. 1 Cir. 2003).

"consideration of one dollar for a ten-year term is certainly not serious consideration".[20] Plaintiffs argue that *Daigle* controls because "there is no doubt that $8,850.00 a year for the first ten (10) year extension ... and any subsequent term of the extension is invalid for lack of serious consideration."[21]

While consideration for a lease "must be serious and must not be out of all proportion with the value of the thing"[22], the rationale of *Daigle* and its progeny are inapplicable to this case. The *Daigle* Court reasoned that:

> Under our law, consideration for a lease must be serious and must not be out of all proportion with the value of the thing. This is a general principle of the civil law, as old as the civil law itself, and it is different from the common law, under which the slightest consideration is sufficient to support any obligation. *Murray v. Barnhart,* 117 La. 1023, 1030, 42 So. 489, 491 (1906). The consideration of one dollar per year by itself is not a serious consideration as rent. *Myers v. Burke,* 189 So. 482, 483 (La. App. 1st Cir.1939). Therefore, the consideration of one dollar for a ten-year term is certainly not serious consideration.[23]

In the seminal case of *Murray v. Barnhart,* the Louisiana Supreme Court explained that where the consideration is a mere nominal or trifling amount, such as $1 for a ten year term, "the presumption is that the parties did not intend that the trifle named should ever be paid at all, and the situation is looked upon as being as if no amount has been named."[24] The consideration specified in the subject lease is not a mere trifling amount such that it can be viewed as a disguised donation or gratuity that is simply termed a "lease".

---

[20] *Daigle*, 858 So.2d at 557.
[21] Rec. Doc. No. 10, p. 7.
[22] *Daigle*, 858 So.2d at 557.
[23] *Id.*
[24] *Murray v. Barnhart,* 42 So. 489, 491 (La. 1906). See also, *Northeast Louisiana Detachment of Marine Corps League v. City of Monroe,* 253 So.2d 107 (La.App.2d 1971), writ denied (invalidating a lease which provided for a $1 rental for insufficient consideration).

Plaintiffs allege that the rental amount in the primary term was "disproportionate (too little) to the value of the property" and "unequitable" and that the "mere four hundred and fifty dollar [increase] per ten year extension . . . coming to fruition 38 years later [renders] the Lease virtually worthless".[25]   Assuming the allegations true, Plaintiffs' *Petition* fails to state a plausible claim that the rent is "out of all proportion with the value of the thing". While an extension term rental of $8,850.00 per year may be unequitable, it is not an amount which on its face is so trifling as to lead to the conclusion that "the parties did not intend that the trifle named should ever be paid at all, and the situation is looked upon as being as if no amount has been named."[26]

Recognizing that rental amount due during the extension term is a function of the rent paid in the primary term[27], Plaintiffs make the conclusory allegation that the rent paid under the primary term was disproportionate to the value of the property leased. Plaintiffs offer no facts in support of this conclusory allegation and notably the Plaintiffs accepted what they now argue was "disproportionate" rent for 37 years and 8 months. The plaintiffs' complaint lacks factual content which would enable this Court to draw a reasonable inference that the consideration is "out of all proportion with the value of the thing leased."

**B.   Vice of Consent - Error**

Unless the trust instrument provides otherwise, a trustee may enter into leases of trust property, either as lessor or lessee, for such periods and with such provisions as are reasonable, whether or not the term of the lease exceeds the term of the trust.[28] Plaintiffs

---

[25] Rec. Doc. 1-2, ¶ 13, 14.
[26] Note 24, *supra.*
[27] The lease provides that "[u]pon each validly exercised option to extend the [lease] the yearly rent would increase Four Hundred and Fifty ($450.00) Dollars." Rec. Doc. 1-2, Lease ¶ 6.
[28] La. R.S. 9:2118.

allege in their *Petition* that the original trustee/lessor (American Bank) committed error, in that it fixed the amount of the rent due for both the primary term of the original lease and the extensions available under the lease in an amount disproportionate to the value of the property.[29]

In Louisiana, consent to a contract may be vitiated by error, fraud, or duress.[30] "Error vitiates consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party."[31]   "[E]rror, which vitiates consent, can manifest itself in two ways: mutually, *i.e.,* both parties are mistaken, or unilaterally, *i.e.,* only one party is mistaken. However, in both situations, the error for which relief may be granted (1) must affect the cause of the obligation, and (2) the other party must know or should have known 'the matter affected by error was the cause of the obligation for the party in error'".[32] "The jurisprudence ... establishes that a contract may be invalidated for unilateral error as to a fact which was a principal cause for making the contract, where the other party knew or should have known it was the principal cause."[33]

In this case, Plaintiffs plead unilateral error by American Bank, the lessor.[34]  "When only one party is in error, that is, when the error is unilateral, there is theoretically no meeting of the minds, but granting relief to the party in error will unjustly injure the interest

---

[29] Rec. Doc. 1-2, ¶13.
[30] La. Civ. Code art. 1948.
[31] La. Civ. Code art. 1949.
[32] *Peironnet v. Matador Resources Co.,* 144 So.3d 791, 807 (2013).
[33] *Id.*
[34] Rec. Doc. 1-2, ¶13. Plaintiffs seek reformation of the contract insofar as they "seek an equitable increase in the rent associated with the extension clauses". "[R]eformation . . . is only available upon mutual error for the explicit purpose of reforming an instrument to reflect the true intent of both parties. *Peironnet* 144 So.3d at 809. Accordingly, the Court evaluates the Plaintiffs' claim as one for rescission on the grounds of unilateral error.

of the other party if he is innocent of the error. Louisiana courts have often refused relief for unilateral error for this reason."[35] Plaintiffs fail to allege any facts which plausibly suggest that the lessee "knew or should have known that the matter affected by the error was the reason or principal cause why the party in error made the contract."[36] The *Petition* is devoid of facts which support the conclusion that the lessee knew or should have known that the rent payable during the extension terms (the matter affected by the error) was the reason or principal cause why American Bank, as trustee, in error made the lease.

"It is not the province of the court to alter by construction or to make new contracts for the parties. The duty of the court is confined to the interpretation of the agreements the parties have made for themselves, and, in the absence of any ground for denying enforcement, to give effect to the agreements as made." [37]

Plaintiffs maintain that they are losing profit and asset value in connection with a Trust established by their grandparents for the sole purpose of Plaintiffs' benefit.[38] Nevertheless, "[c]ourts are not created to relieve men of their bad bargains made. Where a clause of a contract is clear and unambiguous, 'the letter of it should not be disregarded under the pretext of pursuing the spirit'."[39]  The allegations of the Plaintiff's complaint fail to state a plausible claim for reformation or rescission on the grounds of error.

---

[35] *Peironnet* 144 So.3d at 807-808 (internal citations omitted).
[36] *Id.*
[37] *Peironnet* 144 So. 3d at 808, *citing, Texas Co. v. State Mineral Bd.,* 44 So.2d 841, 844–45 (1950); *Moriarty v. Weiss,* 198 So. 643, 656 (1940); *Wiley v. Davis,* 115 So. 280, 281 (1927); *Blakesley v. Ransonet,* 105 So. 354, 356 (1925).
[38] Rec. Doc. 1-2, ¶18.
[39] *Scoggin v. Bagley,* 368 So.2d 763, 767-68 (La. App. 2nd Cir. 1979).

### C.    Louisiana Civil Code Article 1783

Citing Louisiana Civil Code article 1783[40], Plaintiffs attempt to equate the obligation to pay rent with security given to insure an obligation. Plaintiffs' reliance on Civil Code article 1783 is misplaced. Article 1783 speaks to the sufficiency of security interests. Specifically, when an "obligor has given the promised security but it later fails or becomes insufficient, as when pledged shares of stock significantly decrease in value, or when mortgaged property is partially destroyed so that its deteriorated value is no longer proportioned to the amount of the secured obligation."[41] Rent is not the security for an underlying obligation. Rather, the payment of rent is the obligation itself.[42] The Plaintiffs fail to a state a claim under Civil Code article 1783 for which relief can be granted.

### D.    Prescription

Defendant contends that the Plaintiffs' claims have prescribed. The Court does not reach the issue of prescription because the Plaintiffs have failed to state a claim for which relief can be granted and, accordingly, the Court GRANTS New Rivers' *Motion to Dismiss*[43] pursuant to FRCP Rule 12(b)(6) without prejudice.

Signed in Baton Rouge, Louisiana, on <u>March 16, 2016</u>.


_____

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[40] "When the obligation is subject to a term and the obligor fails to furnish the promised security, or the security furnished becomes insufficient, the obligee may require that the obligor, at his option, either perform the obligation immediately or furnish sufficient security.  The oblige may take all lawful measures to preserve his right. La. Civ. Code Art. 1783.
[41] 5 La. Civ. L. Treatise, Law of Obligations § 6.11 (2d ed.).
[42] Rec. Doc. No. 6-1, p. 11.
[43] Rec. Doc. 6.